IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID CARDELLA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 3:08-CV-1656-M |
| | § | |
| CVS CAREMARK CORP. f/k/a | § | |
| CAREMARK RX, INC., CAREMARK, | § | |
| L.L.C. d/b/a CVS CAREMARK, and | § | |
| CAREMARK TEXAS MAIL | § | |
| PHARMACY, L.L.C., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Substitute as Plaintiffs and for Leave to File Amended Complaint filed by Samuel James Cardella and Shirley Ann Cardella [Docket Entry #18]. For the reasons explained below, the Motion is **GRANTED** in part and **DENIED** in part.

I. BACKGROUND AND PROCEDURAL HISTORY

On September 19, 2008, David Cardella brought claims against the Defendants under the Americans with Disabilities Act (the "ADA"),[1] the Employee Retirement Income Security Act ("ERISA")[2] and the Family and Medical Leave Act ("FMLA")[3] arising out of the termination of his employment and denial of benefits. On July 15, 2009, while his suit was pending, David Cardella died. On July 21, 2009, this Court stayed this case until a proper party moved to substitute as plaintiff to pursue this litigation.

On January 22, 2010, Samuel James Cardella and Shirley Ann Cardella ("the Cardellas"),

---

[1] 42 U.S.C. §§ 12101 *et seq.*

[2] 29 U.S.C. §§ 1001 *et seq.*

[3] 29 U.S.C. §§ 2601 *et seq.*

David Cardella's parents, timely moved to substitute as plaintiffs in this case, both individually as heirs of David Cardella and on behalf of the estate of David Cardella. David Cardella died intestate. He was never married, and he neither fathered nor adopted any children. There has been no administration of his estate, and there are no unpaid estate or inheritance taxes.

## II. ANALYSIS

If a party dies and the claim is not extinguished, the Court may order substitution of the proper party.[4] The survival of David Cardella's federal claims under the ADA, FMLA and ERISA are questions of federal law.[5]

### A. ADA Claims

When federal statutes are silent as to survival, courts generally look to federal common law to determine whether claims survive.[6] The ADA does not specifically state whether claims survive the death of the plaintiff. However, rather than looking to federal common law to supplement missing provisions of the ADA, the Fifth Circuit recently applied 42 U.S.C. § 1988(a), which directs courts to apply state common law where there are legislative gaps in the remedies provided for certain types of civil rights violations.[7]

---

[4] Fed. R. Civ. P. 25(a)(1).

[5] *Cf. Carlson v. Green*, 446 U.S. 14, 23 (1980) (holding that *Bivens* actions are a creation of federal law and, therefore, the question of whether a *Bivens* action survives the original plaintiff's death is a question of federal law).

[6] *See James v. Home Constr. Co.*, 621 F.2d 727, 729 (5th Cir. 1980) (citations omitted) (stating that "the question of survival of a federal cause of action has usually been described as a question of federal common law, in the absence of an expression of contrary intent.").

[7] *See Frame v. City of Arlington*, 575 F.3d 432, 437 & n.4 (5th Cir. 2009) (citing *Holmes v. Texas A&M Univ.*, 145 F.3d 681, 683-84 (5th Cir. 1998) (applying Texas state law to determine the proper statute of limitations for ADA claims raised in a Texas federal court).

The Cardellas are correct in pointing out that many other federal courts have applied § 1988(a) to claims brought under the ADA. However, the Court questions this application under the plain language of the statute. Section 1988(a) states:

Texas law provides that a cause of action for personal injury to the health, reputation, or person of an injured plaintiff does not abate because of his death.[8] A personal injury action survives to and in favor of the heirs, legal representatives and estate of the injured person.[9] Texas law further permits heirs to substitute for a plaintiff in a pending suit if they allege and prove that there is no administration of the estate pending, and that none is necessary.[10] Under Texas Probate Code § 38(a)(2), the Cardellas are heirs to David Cardella's estate in equal

---

The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of titles 13, 24, and 70 of the Revised Statutes for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty.

In this Court's view, this statute does not apply to David Cardella's claims, because none of his claims arise under the specifically enumerated laws listed therein. Titles 13, 24 and 70 of the Revised Statutes do not correspond to the statutes codifying the ADA, FMLA, or ERISA. *See* References in Text, Historical and Statutory Notes to 42 U.S.C. §1988, U.S.C.A. (2003); U.S.C.A., Tables, Vol. I, Table 1 (2003) (correlating provisions of the Revised Statutes of 1878 to sections of the current U.S. Code).

*United States v. Morvant*, 843 F. Supp, 1092, 1095 (E.D. La. 1994), cited by the Cardellas, erroneously relies upon *Brazier v. Cherry*, 293 F.2d 401 (5th Cir. 1961), for the proposition that § 1988 applies to all federal civil rights statutes that are silent as to whether the government may seek damages on behalf of a plaintiff who has died prior to the commencement of a civil action. The *Brazier* Court was not addressing the breadth of federal actions to which § 1988 applies, and had no occasion in that case to do so, as the plaintiff had alleged claims only under laws that plainly fell within the express statutory reach of § 1988(a).

The Fifth Circuit decisions that apply § 1988(a) to the ADA do not mention the specific provisions of law enumerated in § 1988(a) as the laws to which § 1988(a) applies. *See Frame*, 575 F.3d at 437 & n.4; *Holmes v. Texas A&M University*, 145 F.3d 681, 684 (5th Cir. 1998); *Hickey v. Irving Independent School District*, 976 F.2d 980, 982 (5th Cir. 1992). Nevertheless, the Court applies Fifth Circuit precedent by analyzing the survivability of Cardella's ADA claims under Texas state law.

For a full discussion and exposition of the application of 42 U.S.C. §1988(a), see *Kettner v. Compass Group USA, Inc.*, 570 F. Supp. 2d 1121, 1126-33 (D. Minn. 2008).

[8] Tex. Civ. Prac. & Rem. Code § 71.021(a) (Vernon 2005).

[9] *Id.* 71.021(b).

[10] *Kenseth v. Dallas County*, 126 S.W.3d 584, 595-96 (Tex. App.—Dallas 2004).

portions, and they have shown that they are the proper parties to substitute as plaintiffs in this action. Therefore, David Cardella's ADA claims survive his death, and the Cardellas, as his heirs, may substitute as plaintiffs as to the ADA claims.[11]

    B.  FMLA and ERISA Claims

The FMLA and ERISA do not specifically state whether claims survive the death of the plaintiff, nor has the Fifth Circuit addressed those issues. Therefore, this Court looks to federal common law to determine whether David Cardella's claims under those statutes survive.[12]

Under federal common law, only penal actions do not survive the death of the plaintiff.[13] Three factors in particular are relevant in assessing the extent to which any statutory provisions at issue are penal in nature: "1) whether the purpose of the statute was to redress individual wrongs or more general wrongs to the public; 2) whether recovery under the statute runs to the harmed individual or to the public; and 3) whether the recovery authorized by the statute is wholly disproportional to the harm suffered."[14]

The following damages sought by the Cardellas in their proposed Amended Complaint with respect to the FMLA and ERISA claims are compensatory and individualized in nature: compensation for lost wages and benefits; medical and other expenses due to lost benefits; loss of enjoyment of life; mental anguish; emotional pain and suffering and distress; costs, including costs of attempting to find employment; damages due to loss of David Cardella's good reputation and damages to his career; costs of court; reasonable attorney's fees; costs of experts; and pre-

---

[11] This same result would be reached under federal common law, as discussed below in the section on the FMLA and ERISA claims.

[12] *See James*, 621 F.2d at 729.

[13] *See Smith v. Dep't. of Human Servs.*, 876 F.2d 832, 834-35 (10th Cir. 1989) (citations omitted); *Murphy v. Household Finance Corp.*, 560 F.2d 206, 208 (6th Cir. 1977).

[14] *Murphy*, 560 F.2d at 209 (citations omitted).

and post-judgment interest.[15] These claims therefore are not extinguished by David Cardella's death.[16]

However, the Cardellas' claim for statutory penalties due to Defendants' failure to timely provide ERISA documents or information upon request is clearly penal in nature, and therefore does not survive his death.[17] Neither may the Cardellas assert claims for civil penalties due to any knowing, willful or intentional conduct on the part of the Defendants.[18] Finally, any injunctive or declaratory relief under ERISA has been rendered moot by David Cardella's death, and may not be asserted by the Cardellas as substitute plaintiffs.[19]

The Cardella's Motion to Substitute and for Leave to Amend is therefore GRANTED, with the exceptions explained above. The Cardellas may amend the Complaint, in accordance with this Order, to request relief as the heirs and successors to David Cardella's interests, and on behalf of his estate, and to correct the name of "CVS Caremark Corp." to "CVS Caremark Corporation."

---

[15] Proposed Amended Complaint at ¶¶ 19, 26, 30.

[16] *See, e.g., Harrow v. Prudential Ins. Co. of Am.*, 279 F.3d 244. 248 (3d Cir. 2002) ("Because Congress intended ERISA to be remedial, ERISA actions survive death."); *Hall v. Unum Life Ins. Co. of Am.*, 300 F.3d 1197, 1207 n.5 (10th Cir. 2002) (holding that a plaintiff's claim for disability benefits is a claim for monetary benefits that survives her death); *Kettner*, 570 F. Supp. 2d at 1134 (holding substitute plaintiff entitled to all available remedies under the ADA except for liquidated or punitive damages); *Barrow v. Harris Corp.*, 2004 U.S. Dist. LEXIS 23924, at *8-9 (W.D. Tex. Nov. 30, 2004) (holding that monetary damages for the denial of short term and long term disability benefits survive the plaintiff's death); *Estwick v. U.S. Air Shuttle*, 950 F. Supp. 493, 498 (E.D.N.Y. 1996) (stating that the ADA has been held to be remedial in nature) (citations omitted).

[17] *See* Proposed Amended Complaint at ¶ 26.

[18] *See id.* at ¶ 19.

[19] *See id.* at ¶ 32(4); *Harrow*, 279 F.3d at 249 (holding that claims for injunctive and declaratory relief under ERISA were mooted by the death of the beneficiary); *Hall*, 300 F.3d at 1207 n.5 ("Hall's death has rendered her claims for declaratory and injunctive relief regarding future disability benefits moot.").

III. CONCLUSION

For the reasons stated above, the Cardellas' Motion to Substitute as Plaintiffs is GRANTED in part and DENIED in part. The stay imposed by the Court on July 21, 2009 [Docket Entry #17] is hereby LIFTED. The Cardellas may, within fourteen days, file an Amended Complaint in accordance with the decisions set forth in this Order.

**SO ORDERED.**

March 25, 2010.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS